United States District Court
Southern District of Texas
**ENTERED**
February 07, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **CELIA PENA CAVAZOS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:18-CV-72** |
| | § | |
| **FABIOLA SIAS and** | § | |
| **CEM INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

**REPORT & RECOMMENDATION**

Before the Court is Defendant CEM Insurance Company's Motion for Summary Judgment. (Dkt. No. 12). On December 3, 2019, Defendant's Motion was referred to this Magistrate Judge for findings of fact and recommendations of law. (Dkt. No. 33). Having considered the Court's file, the parties' briefing, and the applicable law, the Court will recommend that Defendant's Motion for Summary Judgment (Dkt. No. 12) be **GRANTED**.

## I. Background

This is a declaratory-judgment action in which Plaintiff Celia Pena Cavazos ("Cavazos") seeks a declaration that Defendant CEM Insurance Company ("CEM") is liable for a judgment Cavazos previously obtained against Defendant Fabiola Sias ("Sias") in an underlying lawsuit arising from a motor vehicle accident. (Dkt. No. 1 at 22).[1] CEM moved for summary judgment on Cavazos's claims, asserting that it is not liable under its applicable policy of insurance for the judgment against Sias, its insured. (Dkt. No. 12). All of CEM's summary judgment facts are undisputed, except for the

[1] As previously noted by the District Court in its prior Order (Dkt. No. 5), Cavazos's claim for declaratory judgment brought under the Texas Declaratory Judgment Act ("TUDJA") are properly recharacterized, after removal, as claims brought under the federal Declaratory Judgment Act. 28 U.S.C. §§ 2201, 2202; *see Ainsworth v. Wells Fargo Home Mortg.*, No 3:14-CV-1942-M, 2014 WL 7273945, at *11 (N.D. Tex. Dec. 22, 2014) (holding that a case brought under TUDJA and then removed to federal court will be "construed as one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202").

following two disputed issues of material fact identified by Cavazos in her Statement of Genuine Issues of Material Fact (Dkt. No. 27 at 7–8):

- Who was the driver of Sias's vehicle at the time of the accident.
- Whether CEM had notice of the claim.[2]

Accordingly, all of the facts recited below are undisputed, unless specifically noted.

On December 22, 2017, Cavazos was injured in an accident involving a vehicle owned by Sias but driven by someone else. (Dkt. No. 12 at 3). The identity of the driver is disputed. (Dkt. No. 27 at 3). CEM contends that Sias's vehicle was being driven by her husband Gilbert Salinas ("Salinas"). (Dkt. No. 12 at 6). Cavazos contends that the admissible summary judgment evidence shows that the identity of the driver is unknown. (Dkt. No. 27 at 1–2).

Salinas was a named, excluded driver under Sias's Texas personal auto insurance policy, No. C-PRAGMC302-00 (the "Policy"), pursuant to the following provision:

> **515A EXCLUSION OF NAMED DRIVERS**
> **WARNING**
>
> This acknowledgment and rejection is applicable to all renewals issued by us or any affiliated insurer. However, we must provide a notice with each renewal as follows: "This policy contains a named driver exclusion."
>
> You agree that none of the insurance coverages afforded by this policy shall apply while: Excluded Driver(s) [Gilbert Salinas] is (are) operating your covered auto or any other motor vehicle. You further agree that this endorsement will also serve as a rejection of Uninsured/Underinsured Motorist Coverage and Personal Injury Protection Coverage while your covered auto or any other motor vehicle is operated by the excluded driver.

(Dkt. No. 12-2 at 28).

The Policy also contained the following provisions:

[2] As discussed in detail below, this issue of material fact is not actually disputed. CEM and Cavazos agree that CEM had notice of *the claim*. The parties do dispute the legal effect of such notice.

PART E – DUTIES AFTER AN ACCIDENT OR LOSS

GENERAL DUTIES

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of witnesses. If we show that your failure to provide notice prejudices our defense, there is no liability coverage under the policy.

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notice or legal papers received in connection with the accident or loss.

[. . .]

PART F – GENERAL PROVISIONS

[. . .]

LEGAL ACTION AGAINST US

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy.

(Dkt. No. 12-2 at 13–14).

Cavazos filed suit against Sias in the 49th District Court of Webb County, Texas. (Dkt. No. 1 at 9–12). Despite proper service of process, Sias failed to appear in that case. (*Id.* at 14–15). The state court entered a default judgment in favor of Plaintiff for $115,000 plus attorney's fees and pre- and post-judgment interest. (*Id.*).

Included in CEM's summary judgment evidence is an Affidavit of Oscar Buitrago ("Buitrago"), the Claims Director of Pronto General Agency, Ltd. ("Pronto") (Dkt. No. 12-4 at 2). Buitrago makes the following averments in his Affidavit:

> Pronto is a managing general agent for CEM [. . .]. CEM writes personal automobile insurance in Texas exclusively through managing general agents such as Pronto. CEM's managing general agents, including Pronto, are responsible for underwriting and issuing personal automobile

insurance policies on behalf of CEM and then they are responsible for handling any claims arising under those policies.

[. . .]

As a managing general agent for CEM, Pronto issued a monthly Texas personal auto insurance policy, No. C-PRAGMC302-00, to Fabiola Sias ("the Policy").

[. . .]

Pronto was first notified of the accident and Plaintiff's claim on January 2, 2018, by way of its receipt of a letter of representation and a copy of the police report from Plaintiff's prior counsel, Paul Saenz, a copy of which is attached hereto as Exhibit D-1.

[. . .]

On January 8, 2018, a representative of Pronto on behalf of CEM reached Sias by phone to discuss the accident. Sias advised that the driver of the insured vehicle at the time of the subject accident was her husband, Gilbert Salinas, DOB 3-06-1963. The adjuster advised Sias that Mr. Salinas was a named excluded driver on her policy, and Sias confirmed that she was aware that her husband was a named excluded driver on the policy.

[. . .]

On May 4, 2018, CEM was served with this lawsuit. A copy of the citation and the Plaintiff's Original Petition were forwarded to Pronto on May 9, 2018. Prior to May 4, 2018, neither CEM nor Pronto was aware of the existence of the underlying tort lawsuit filed against Sias or that Sias had allegedly been served. Prior to May 4, 2018, neither CEM nor Pronto was aware that attorney Saenz was no longer representing the Plaintiff or that attorney Ron Rodriguez was representing the Plaintiff. Prior to May 4, 2018, neither CEM nor Pronto was aware of the filing of the Motion for Default Judgment in the underlying lawsuit, or entry of the Interlocutory Default Judgment against Sias on April 3, 2018, or entry of the Final Default Judgment entered against Sias on April 26, 2018.

[. . .]

At no time prior to or after April 26, 2018, did Sias ever notify Pronto or CEM that the suit had been filed against her or that she had been served. At no time did Sias ever forward copies of the suit papers allegedly served on her to CEM or Pronto, as required by the Policy. At no time did Sias ever contact Pronto or CEM to request a defense or to otherwise indicate in any

> manner that she expected or wanted a defense to be provided to her in connection with the Plaintiff's lawsuit.

(Dkt. No. 12-4 at 2-4). Again, except for Buitrago's assertion that Sias said Salinas was driving her car, Cavazos does not dispute any of the summary judgment facts identified above.

**II. Legal Standard**

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting *Celotex*, 477 U.S. at 323). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id*. If, however, the moving party meets this burden, "the nonmovant must go beyond the pleadings" and produce evidence that specific facts exist over which there is a genuine issue for trial. *Id*. (citing *Celotex,* 477 U.S. at 324). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U S. 574, 586 (1986).

In reviewing the evidence, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory

facts." *Little*, 37 F.3d at 1075.

In this diversity case, federal law controls procedure and Texas law governs all substantive issues. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

**III. Analysis**

CEM moves for summary judgment on three grounds. (Dkt. No. 12 at 2–3). First, CEM asserts that the named excluded driver endorsement of the Policy precludes coverage and any claims against it. Second, CEM asserts that it has no duty to indemnify and no liability to Sias or derivatively to Cavazos because Sias failed to comply with the terms of the policy by failing to give CEM notice of the lawsuit or requesting a defense. Third, and in the alternative, CEM asserts that, if summary judgment is not granted as to all claims under the first two grounds, then its liability is limited to the amount of the applicable limits under the Policy. Although the Court determines that the second ground for summary judgment is dispositive, the Court will address each of the grounds for summary judgment in turn.

**A. The Named Excluded Driver Endorsement**

CEM moves for summary judgment on the ground that the named excluded driver endorsement of the Policy precludes coverage and any claims against it. (Dkt. No. 12 at 10). According to CEM, the summary judgment evidence establishes that—at the time of the auto accident made the basis of the underlying lawsuit—Sias's vehicle was operated by her husband, Salinas, who was an excluded driver under the Policy. (Dkt. No. 12 at 13). Cavazos does not challenge the enforceability of the named excluded driver endorsement. Instead, Cavazos asserts an objection that Sias's statement about Salinas being the driver of her car, as recounted in Buitrago's affidavit, is inadmissible hearsay. Cavazos further argues that there is no other admissible summary judgment evidence showing that Salinas was operating Sias's vehicle. (Dkt. No. 27 at 3). Accordingly, the applicability of the named excluded driver endorsement in this case relies on the admissibility of evidence that Salinas—the named excluded driver under the policy—was operating the vehicle at the time of the accident.

Federal Rule of Civil Procedure 56(c)(4) provides that a summary judgment "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, *set out facts that would be admissible in evidence*, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4) (emphasis added). CEM argues that Cavazos "steps into the shoes" of Sias, the insured, in this suit against CEM, the insurer, to recover on a judgment. (Dkt. No. 28 at 3, 8). Therefore, according to CEM, Sias's statement falls under an exception to the hearsay rule as either an admission by a party opponent or an admission against interest. (*Id.*). In its reply brief (Dkt. No. 28), CEM cites two cases in support of this proposition. Plaintiff cites no legal authority addressing this legal question. The Court addresses each of these cases cited by CEM in turn, but determines that neither case directly addresses the evidentiary question presented by CEM.

In *State Farm Lloyds Ins. Co. v. Maldonado*, Plaintiff Maldonado argued that she was a third-party beneficiary under the subject insurance policy by virtue of obtaining a judgment against State Farm's insured, Curtis Robert. 963 S.W.2d 38, 40–41 (Tex. 1998). The Texas Supreme Court stated that, as a third-party beneficiary, "Maldonado steps into the shoes of Robert, the insured, and therefore is bound by the conditions precedent in the insurance policy." *Id.* at 41.

In *SingleEntry.com, Inc. v. St. Paul Fire & Marine Ins. Co.*, the state court had ordered a turnover that assigned the insured's claims against St. Paul to Plaintiff SingleEntry.com. 117 F. App'x 933, 935 (5th Cir. 2004). The court noted that under Texas law, "[a]n assignee steps into the shoes of the assignor and takes the assigned rights subject to all defenses that an opposing party might be able to assert against the assignor," and noted that a "judgment creditor must show that the insured complied with the conditions precedent and terms of the policy." *Id.*

Both the *Maldonado* and *SingleEntry.com* cases stand for the proposition that a judgment creditor, such as Cavazos in this present case, must show the insured's compliance with conditions precedent and terms of the insurance policy. They do not address the issue of whether admissions or statements against interest of the insured

are admissible in a suit by the judgment creditor against the insurer. Thus, the Court finds that these cases are not instructive on the issue of whether the statement in Buitrago's affidavit is admissible.

Statements against interest are exceptions to the general hearsay rule when the declarant is unavailable as a witness. Fed. R. Evid. 804(b)(3). Rule 804 sets forth the criteria for determining when a witness is unavailable. Fed. R. Evid. 804(a)(1)–(5). CEM has not shown that Sias is unavailable as a witness under any of the circumstances set forth in Rule 804(a)(1)–(5). Therefore, the Court finds that Sias's statement within Buitrago's affidavit is not admissible as a statement against interest.

A statement by a party-opponent is not hearsay. Fed. R. Evid. 801(d)(2). The statement must be offered against an opposing party and must have been made by the party in an individual or representative capacity or by the party's agent or employee. *Id.* Here, Sias is not an opposing party to CEM. CEM has failed to establish that Sias was acting in a representative capacity for Cavazos, or acting as her agent or employee, when she allegedly made the statement that Salinas was driving her vehicle. There is no evidence that Sias is adverse to CEM. For example, there is no evidence that Sias is pursuing any claim or making any demand against CEM or that Sias is cooperating or colluding with Cavazos to hold CEM liable for the judgment. The Court declines to find statements of a judgment debtor attributable to the judgment creditor simply by virtue of that relationship. If anything, the opposite is true because the relationship between a judgment creditor and a judgment debtor is inherently adversarial, absent a showing to the contrary. No such showing has been made here.

Based on the foregoing, the Court **SUSTAINS** Cavazos's objection to Sias's statement within Buitrago's affidavit—that Salinas was driving her car—on the ground that it is inadmissible hearsay. The Court finds that there is no admissible summary judgment evidence that Salinas was driving Sias's vehicle at the time of the accident. Therefore, the Court determines that CEM is not entitled to summary judgment on the ground that the named excluded driver endorsement of the Policy precludes coverage and any claims against CEM.

**B. Sias's Failure to Comply with the Terms of the Policy**

**1. Sias's Failure to Give Notice of Suit or Request a Defense**

CEM asserts that it is entitled to summary judgment because there is no genuine issue of material fact that Sias failed to comply with certain terms of the Policy and that Sias failed to request a defense or otherwise indicate to CEM that she expected or wanted a defense in the underlying lawsuit. (Dkt. No. 12 at 18–19).

The Policy provides that an insured must give prompt notice of the accident or loss; cooperate in the defense of any claim or suit; and "[p]romptly send [CEM] copies of any notice or legal papers received in connection with the accident or loss." (Dkt. No. 12-2 at 13–14). The Policy further provides, "No legal action may be brought against [CEM] until there has been full compliance with all the terms of this policy." (*Id.* at 14). As discussed above, a judgment creditor of an insured is a third-party beneficiary and is bound by the conditions precedent in the insurance policy. *SingleEntry.com, Inc.*, 117 F. App'x at 935; *Maldonado*, 963 S.W.2d at 41.

By her written response and sur-reply, Cavazos does not challenge the legal proposition that she must show Sias's compliance with the conditions precedent and terms of the policy in accordance with *Maldonado* and *SingleEntry.com*. Furthermore, Cavazos does not challenge CEM's assertion that Sias failed to comply with the terms of the Policy. Cavazos's primary challenge[3] to this ground for summary judgment asserts that there is a genuine issue of material fact as to whether CEM received notice of a *claim* against Sias. (Dkt. No. 27 at 4; Dkt. No. 29 at 2).

Initially, the Court notes that CEM never asserts or represents in its motion for

[3] The only other potential argument raised by Cavazos is the following assertion contained in Plaintiff's Response to Reply: "[CEM] erroneously informed the insured that there was no coverage and must therefore now be held accountable for that false statement to the insured." (Dkt. No. 29 at 2). This is the entirety of this proposition. Cavazos does not cite any supporting legal authority. In fact, Cavazos does not even identify where in the record this alleged statement is located. In the previous sentence, Cavazos cites to the notice letter sent by Cavazos's attorney to CEM. (*Id.*, citing Dkt. No. 12-4 at 6). This letter is not the source of this alleged "false statement." Though not required, the Court independently reviewed the summary judgment evidence and was unable to find evidence of a representation made by CEM that "there was no coverage." To the extent Cavazos raises this issue to defeat this ground of CEM's motion for summary judgment, the Court finds that Cavazos has waived this argument by her failure to provide any legal briefing or citations to the record.

summary judgment that it did not have prior notice of Cavazos's claim against Sias.[4] CEM's summary judgment evidence, specifically Buitrago's affidavit and attached documents, clearly and unambiguously states that CEM, through its representative Pronto, received notice of the claim on January 2, 2018, by receipt of a letter and copy of the police report from an attorney representing Cavazos. (Dkt. No. 12-4 at 3, 6–9). However, despite Cavazos's focus on CEM's notice of the *claim* against Sias, Cavazos fails to identify any legal authority that would make this fact material or relevant. This is perhaps because evidence that CEM received notice of a claim against Sias does not create a genuine dispute as to a *material* fact. "Mere awareness of a claim or suit does not impose a duty on the insurer to defend under the policy." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Crocker,* 246 S.W.3d 603, 608 (Tex. 2008).

In *Crocker*, National Union's insured, Morris, failed to give National Union notice of Crocker's personal injury suit against Morris. 246 S.W.3d at 605. National Union knew about the lawsuit, however, and even defended Morris's employer in the suit. *Id*. at 604–05. Crocker obtained a $1,000,000 default judgment against Morris and then filed suit directly against National Union in an effort to collect on the judgment. *Id*. On certified questions from the Fifth Circuit, the Texas Supreme Court held that Morris's failure to give notice of suit meant National Union's duties to defend and indemnify were never triggered. *Id*. at 608–09. The Court stated,

> Mere awareness of a claim or suit does not impose a duty on the insurer to defend under the policy; there is no unilateral duty to act unless and until the additional insured first *requests* a defense—a threshold duty that the insured fulfills under the policy by notifying the insurer that the insured has been served with process and the insurer is expected to answer on its behalf . . .
>
> [. . .]
>
> National Union had no duty to notify Morris of coverage and no duty to defend Morris until Morris notified National Union that he had been served

[4] In its Reply to Plaintiff's Response, CEM expressly clarifies, accurately, that it never claimed to not have notice of Cavazos's claim. (Dkt. No. 28). Cavazos subsequently filed her Response to Defendant's Reply (Dkt. No. 29), actually a sur-reply, yet failed to address the claim v. lawsuit distinction despite CEM's express clarification.

> with process and expected National Union to answer on his behalf.... Absent a threshold duty to defend, there can be no liability to Morris, or to Crocker derivatively.

*Id.* at 608–09 (emphasis in original).

*Crocker* and its progeny soundly reject the argument that CEM's knowledge of Cavazos's claim against Sias creates a basis for coverage or liability by CEM. CEM has no liability under the Policy in the absence of Sias affirmatively notifying CEM of the lawsuit and requesting CEM to provide a defense. *See Gavion v. ACE Am. Ins. Co.*, No. CV H-16-1930, 2017 WL 1832213 (S.D. Tex. May 4, 2017); *United Auto. Ins. Servs. v. Rhymes*, No. 05-16-01125-CV, 2018 WL 2077561, at *4 (Tex. App.—Dallas May 4, 2018, no pet.)); *Egly v. Farmers Ins. Exch.*, No. 03–17–00467–CV, 2018 WL 895043 (Tex. App.—Austin Feb. 15, 2018, pet. filed) (mem. op.); *Hoel v. Old Am. Cty. Mut. Fire Ins. Co.*, No. 01–16–00610–CV, 2017 WL 3911020 (Tex. App.—Houston [1st Dist.] Sept. 7, 2017, pet. denied) (mem. op.); *Jenkins v. State & Cty. Mut. Fire Ins. Co.*, 287 S.W.3d 891 (Tex. App.—Fort Worth 2009, pet. denied); *see also Hudson v. City of Houston*, 392 S.W.3d 714 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (similar case involving ordinances rather than a private insurance policy).

Under Texas law, "[t]he rule [. . .] is clear: an insurer has no duty to defend and no liability under a policy unless and until the insured in question complies with the notice-of-suit conditions and demands a defense. This is true even when the insurer knows that the insured has been sued and served and when the insurer actually defends other insureds in the same litigation, as happened in . . . *Crocker*." *Jenkins*, 287 S.W.3d at 897; *see also Sentry Select Ins. Co. v. Lopez,* No. EP-14-CV-284-KC, 2016 WL 4257751, at *6 (W.D. Tex. Mar. 18, 2016).

**2. Prejudice**

"[F]or an insured's breach to defeat coverage, the breach must prejudice the insurer in some tangible way." *Berkley Reg'l Ins. Co. v. Phila. Indem. Ins. Co.*, 690 F.3d 342, 349 (5th Cir. 2012) (citing *PAJ, Inc. v. Hanover Ins. Co*., 243 S.W.3d 630, 636–37 (Tex. 2008)). This is because "an immaterial breach does not deprive the insurer of the

benefit of the bargain and thus cannot relieve the insurer of the contractual coverage obligation." *PAJ*, 243 S.W.3d at 631.

To show prejudice, an insurer must demonstrate that the breach caused the insurer "a material change in position." *Coastal Ref. & Mktg., Inc. v. U.S. Fid. & Guar. Co.*, 218 S.W.3d 279, 288 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *see Hudson*, 392 S.W.3d at 728 ("When determining an insurer's claim that it was prejudiced as a matter of law, the crucial inquiry is whether the insurer's ability to defend against the claim has been irreparably impaired by an insured's failure to comply with a notice-of-suit provision."). An insurer's actual knowledge of a suit or claim does not preclude a showing of prejudice to the insurer. *See Hudson*, 392 S.W.3d at 727 .

Under Texas law, an insurer is prejudiced as a matter of law when the insured fails to notify the insurer until after a default judgment against the insured becomes final and nonappealable, as occurred in this present case. *Jamestown Ins. Co., RRG v. Reeder*, 508 F. App'x. 306, 309 (5th Cir. 2013); *see also Berkley*, 690 F.3d at 350 ("It is true that when an insurer first receives notice of a suit after a default judgment has been entered, prejudice exists as a matter of law."); *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 174 (Tex. 1995); *Coastal Ref.*, 218 S.W.3d at 287–88 ("Entry of a default judgment will ordinarily constitute prejudice as a matter of law."); *P.G. Bell Co. v. U.S. Fid. & Guar. Co.*, 853 S.W.2d 187, 191 (Tex. App. 1993) ("Generally, an insured's failure to notify the insurance company of a claim filed against it by a third party will not constitute prejudice unless that notice is given after a default judgment is taken against the insured."). Notice after entry of a default judgment is prejudicial because, "[a]fter a default judgment, . . . an insurer can no longer defend against the underlying claim unless it first meets a new burden of proof on new issues." *Hudson*, 392 S.W.3d at 728–29 (citing *Coastal Ref.,* 218 S.W.3d at 287–88). In this present case, Cavazos does not raise the argument that CEM was not prejudiced.

**3. Summary**

Drawing all reasonable inferences and resolving all factual controversies in favor of Cavazos, there is no genuine dispute about any material fact as to this ground for

summary judgment. The undisputed facts establish that—prior to a default judgment being taken against her—Sias did not notify CEM or its claims representative, Pronto, that suit had been filed against her or that she had been served; Sias did not forward to CEM or Pronto copies of the suit papers served on her; and Sias did not request a defense or otherwise indicate to CEM that she expected or wanted a defense provided to her in the underlying lawsuit. (Dkt. No. 12-4 at 3–4). And, as a result, CEM was prejudiced as a matter of law. *See Gavion,* 2017 WL 1832213. Therefore, CEM had no duty to defend Sias, and it has no duty to indemnify and has no liability to Sias or Cavazos as a third-party beneficiary to the Policy. *See Jenkins,* 287 S.W.3d at 897; *Crocker,* 526 F.3d at 241. The Court determines that summary judgment should be granted, on this ground, on all of Cavazos's claims against CEM.

**C. Alternatively, CEM Has No Liability Beyond Policy Limits**

In the event Cavazos's claims against CEM are not dismissed in their entirety based on the summary judgment grounds discussed above, CEM alternatively moves for summary judgment on the ground that it is not liable for the full amount of the underlying judgment but instead is liable only for the Policy's applicable policy limits. (Dkt. No. 12 at 27–31). Cavazos has not responded to this ground for summary judgment.

The summary judgment evidence establishes that the applicable limits under the Policy are $30,000.00. (Dkt. No. 12 at 2 n.1; Dkt. No. 12-2 at 5). Cavazos's original petition seeks a declaratory judgment that CEM is liable for the full amount of the judgment entered in the underlying state court lawsuit. (Dkt. No. 1 at 20–23). The underlying lawsuit asserted causes of action for negligence and negligent entrustment against Sias. (*Id.* at 14). And Cavazos has not pleaded in this lawsuit any extra-contractual claims which might render CEM liable for an amount greater than the policy limits. Cavazos only asserts in her original petition, "As a result of rendition of the underlying judgment in excess of policy limits, Plaintiffs[sic] have a right to have this Court declare whether the Defendant insurer is liable for the judgment." (*Id.* at 22). However, the fact that a judgment has been taken against an insured for an amount in excess of policy limits does not by itself make the insurer liable for the full amount of the judgment. Assuming

*arguendo* that there is coverage under the Policy, there is simply no basis in Cavazos's pleadings or in the underlying judgment for CEM to be liable for the portion of the judgment in excess of the applicable policy limits.

Nonetheless, the Court has found that there is no coverage under the Policy. Therefore, even if Cavazos were asserting extra-contractual claims in this lawsuit, CEM correctly asserts that an insurer has no liability for extra-contractual claims if there is no coverage under the policy. *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) ("When the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive."); *Progressive County Mut. lns. Co. v. Boyd*, 177 S.W.3d 919, 921 (Tex. 2005) (per curiam). "There can be no liability under . . . [prompt pay and deceptive practices sections of] the Insurance Code if there is no coverage under the policy." *Page*, 315 S.W.3d at 532. Moreover, for the same reason, claims under the Texas Deceptive Trade Practices Act or any common law theory of a breach of good faith and fair dealing do not survive in the absence of coverage. *Id.*

An insurer's only tort duty arising from an allegation that the insurer failed to investigate and defend claims by a third-party against its insured is the duty stated in *G.A. Stowers Furniture Co. v. Am. Indem. Co.,* 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved). *Maryland Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, 938 S.W.2d 27, 28 (Tex. 1996). Again, Cavazos does not plead a breach of this, or any other tort duty, allegedly owed by CEM to Sias or Cavazos. (Dkt. No. 1 at 20–23). But even if she had, the undisputed summary judgment evidence would defeat a *Stowers* claim. A *Stowers* duty is triggered and potentially gives rise to a claim when a demand is made to the insurer within the policy limits that meets all the requirements of a valid *Stowers* demand. *See Trinity Universal Ins. Co. v. Bleeker*, 966 S.W.2d 489, 491 (Tex. 1998). The summary judgment evidence establishes that no written settlement demand was submitted to Pronto or CEM (*See* Dkt. No. 12-4 at 3), and Cavazos makes no assertion to the contrary.

Based on the foregoing, if the District Court denies CEM summary judgment on the other grounds discussed above—that it has no coverage or liability under the policy—

CEM is entitled to partial summary judgment on the ground that CEM has no liability for the judgment in excess of its applicable limits under the Policy in the amount of $30,000.00.

**IV. Conclusion**

For the foregoing reasons, the Court **RECOMMENDS** that Defendant CEM Insurance Company's Motion for Summary Judgment (Dkt. No. 12) be **GRANTED** as to all of Cavazos's claims against CEM. In the alternative, if the District Court does not grant summary judgment as to all claims against CEM summary judgment, the Court **RECOMMENDS** that the District Court **GRANT PARTIAL SUMMARY JUDGMENT** for CEM on the ground that CEM has no liability for the judgment in excess of its applicable limits under the Policy in the amount of $30,000.00.

**V. Notice of Right to Object**

Within fourteen days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review *de novo* those portions of the report or specified proposed findings or recommendations to which the party objects. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with instructions. *Id.* The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

**SIGNED** on February 7, 2020.

John A. Kazen
United States Magistrate Judge